MICHAEL C. VAN, ESQ.
Nevada Bar No. 3876
GARRETT R. CHASE, ESQ.
Nevada Bar No. 14498
SHUMWAY VAN
8985 S. Eastern Ave., Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770
Facsimile: (702) 478-7779
Email: michael@shumwayvan.com
        garrett@shumwayvan.com
*Attorneys and Local Counsel for Plaintiffs*

FARHAD NOVIAN (California Bar No. 118129; will comply with LR IA 11-2 within 14 days to be admitted pro hac vice for this case)
*farhad@novianlaw.com*
ALEXANDER KANDEL (California Bar No. 306176; will comply with LR IA 11-2 within 14 days to be admitted pro hac vice for this case)
*alexanderk@novianlaw.com*
ALEXANDER B. GURA (California Bar No. 305096; will comply with LR IA 11-2 within 14 days to be admitted pro hac vice for this case)
*gura@novianlaw.com*
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, CA  90067
Telephone:     (310) 553-1222
Facsimile:     (310) 553-0222
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| EBET, INC., a Nevada Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JASON FINCH, an individual,<br><br>　　　　Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **VIOLATION OF NEVADA REVISED STATUTES SECTION 205.511**<br>3. **CONVERSION**<br>4. **MISAPPROPRIATION OF TRADE SECRETS**<br><br>**JURY DEMAND** |

. . .

. . .

1

## THE PARTIES

1. Plaintiff EBET, INC., a Nevada Corporation ("Plaintiff" or "EBET"), is, and at all relevant times was, a corporation organized and existing under the laws of the State of Nevada, with a principal place of business in Las Vegas, Nevada. At certain relevant times, EBET was known as Esports Technologies, Inc. or eSports Technologies, Inc. EBET is a publicly traded technology company that develops platforms and marketing solutions focused on or that has focused on esports and competitive gaming and Internet gaming otherwise known as "i-gaming". EBET stock is traded on the Nasdaq Stock Market.

2. Defendant JASON FINCH ("Defendant" or "Finch") is, and at all relevant times was, an individual, who, upon information and belief, resided in Oxford, Mississippi. (Collectively, Plaintiff and Defendants shall be referred to as the "Parties").

3. The relationship between the Parties, is and was, at least in part, governed by an Employment Agreement, entered into on or about October 15, 2020 (the "Agreement") and related documents, including the ESPORTS TECHNOLOGIES, INC. 2020 STOCK PLAN.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because (a) there is complete diversity of the parties and (b) the amount in controversy exceeds $75,000.00.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, because the Defendant is subject to this District's personal jurisdiction, and because paragraph 14 of the Agreement expressly provides for dispute resolution in "any state or federal court in Las Vegas, Nevada."

5. Personal jurisdiction is proper over Defendant because he (1) consented to the personal jurisdiction within this District in paragraph 14 of the Agreement; (2) purposefully directed his activities towards residents of Nevada (EBET and its officers and directors); (3) established contacts with Nevada as an employee of a Nevada corporation (EBET); (4) EBET's claims arise out of Defendant's forum-related contacts vis a vis EBET; and (5) it comports with

fair play and substantial justice for this District to exercise personal jurisdiction over Defendant.

## BACKGROUND ALLEGATIONS

6. EBET, then known as eSports Technologies, Inc., a Nevada corporation, on the one hand, and Defendant on the other, entered into the Agreement on or about October 15, 2020, employing Defendant as the Director of Research and Technology.

7. Paragraph 1(b) of the Agreement required Defendant to "devote reasonable business and professional time and energy to the Company, and agrees faithfully to perform his duties and responsibilities in an efficient, trustworthy and business-like manner." Pursuant to the same paragraph, Defendant also "agree[d] that the Board of Directors of the Company (the 'Board') shall determine from time to time such other reasonable duties as may be assigned to him." Defendant "agree[d] to carry out and abide by such directions from the Board" under the same paragraph.

8. Paragraph 7(a) of the Agreement provided that Defendant "may have access to unpublished and otherwise confidential information of a technical and non-technical nature" and Defendant "agree[d] to observe all Company policies and procedures concerning such Confidential Information."

9. Paragraph 7(b) of the Agreement provided that Defendant, "upon the Company's request, or upon the termination of his employment for any reason, … will promptly deliver to the Company all documents, records, files, notebooks, manuals, letters, notes, reports, customer and supplier lists, costs and profit data, e-mail, apparatus, computers, cell phones, tablets, hardware, software, drawings, and any material of the Company or any of its Affiliated Entities or clients, including all materials pertaining to Confidential Information developed by [Defendant] or others, and all copies of such materials, whether of a technical, business or fiscal nature, whether on the hard drive of a laptop or desktop computer, in hard copy, disk or any other format, which are in [Defendant's] possession, custody or control."

10. While the Agreement is between eSports Technologies, Inc., a Nevada corporation and Defendant, paragraph 16 of the Agreement provides that the Agreement "shall inure to the benefit of and be binding upon the Company and its successors and assigns, including without

limitation, any corporation or other entity into which the Company is merged or which acquires all or substantially all of the assets of the Company," including EBET.

11. During the terms of his employment with EBET (and its predecessor in interest), Defendant's duties included developing and maintaining a code for a software platform for odds modeling of eSports games. This software modeling was critical to Defendant's business, operations, and success.

12. Defendant was required to update the code constantly and regularly.

13. Defendant was required to document the code so that other developers would be able to determine what was done and maintain or further develop the code in the future.

14. Defendant was required to maintain the software and fix bugs regularly.

15. Defendant failed to complete any of his duties, including failing to adequately develop the code, failing to adequately maintain the code, entirely failing to document the code at all, and failing to maintain the software and fix its bugs.

16. Further, Defendant was given, and was required to maintain, a thumb drive containing critical confidential information, including but not limited to trade secrets, domains, patents, and an administrative set of codes and coordinates (the "thumb drive"). This information was confidential, private and secure, and needed to be maintained in safekeeping at all times.

17. Defendant failed to maintain the thumb drive. In fact, when asked for the thumb drive and its contents, Defendant failed to deliver the thumb drive to EBET, and informed EBET that he intentionally destroyed the thumb drive, without being authorized to do so.

18. Upon information and belief, EBET alleges that in reality, Defendant misappropriated the contents of the thumb drive and/or destroyed it.

19. Despite failing to perform his duties, causing EBET to be significantly behind in its operations and causing it to suffer significant losses, Defendant requested a six (6) week vacation.

20. EBET terminated Defendant's employment on or about September 7, 2022. After his termination, Defendant still failed to deliver the confidential information to EBET.

21. Defendant's acts and omissions, including but not limited to the conduct described

4

above, hindered and delayed the development of, and introduction into the marketplace of, EBET's products and services.

22. EBET was harmed, including by suffering a significant decrease in the value of its goodwill and the value of its publicly traded shares.

## FIRST CAUSE OF ACTION

**(By EBET for Breach of Contract – Agreement – against Defendant)**

23. EBET repeats and incorporates by reference the allegations of paragraphs 1 through 22 above.

24. In exchange for employment with EBET and as a condition of his employment, on or about October 15, 2020, EBET's predecessor in interest entered into a valid and enforceable written agreement, titled "Employment Agreement," under which Defendant agreed to "devote reasonable business and professional time and energy to the Company," "faithfully to perform his duties and responsibilities in an efficient, trustworthy and business-like manner," "that the Board of Directors of the Company (the 'Board') shall determine from time to time such other reasonable duties as may be assigned to him," and "to carry out and abide by such directions from the Board."

25. The Parties[1] also agreed per the Agreement that Defendant "may have access to unpublished and otherwise confidential information of a technical and non-technical nature" and Defendant "agree[d] to observe all Company policies and procedures concerning such Confidential Information."

26. The Agreement also provides that Defendant, "upon the Company's request, or upon the termination of his employment for any reason, … will promptly deliver to the Company all documents, records, files, notebooks, manuals, letters, notes, reports, customer and supplier lists, costs and profit data, e-mail, apparatus, computers, cell phones, tablets, hardware, software, drawings, and any material of the Company or any of its Affiliated Entities or clients, including all materials pertaining to Confidential Information developed by [Defendant] or others, and all copies of such materials, whether of a technical, business or fiscal nature, whether on the hard

---

[1] "The Parties" shall refer to EBET and Defendant collectively.

drive of a laptop or desktop computer, in hard copy, disk or any other format, which are in [Defendant's] possession, custody or control."

27. EBET has performed all of its obligations, covenants, and conditions under the Agreement, except to the extent any such obligations, covenants, or conditions have been excused, prevented or waived by Defendant's acts or omissions.

28. EBET is informed and believes that in violation of the Agreement, Defendant failed to devote reasonable business and professional time and energy to EBET, failed to faithfully perform his duties, failed to act in an efficient, trustworthy and business-like manner, and failed to abide by directions from the Board.

29. EBET is further informed and believes that in violation of the Agreement, Defendant did not observe Company policies and procedures regarding confidential information.

30. EBET is also informed and believes that in violation of the Agreement, Defendant, upon EBET's request for the confidential information, failed to promptly deliver to EBET all documents, records, files, and other confidential information, that was or should have been in the possession, custody and control of Defendant.

31. In fact, in violation of the express terms of the Agreement and reasonable duties assigned to him by the Board, which the Agreement mandated him to follow, Defendant failed to complete his duties, including by failing to adequately develop the code, failing to adequately maintain the code, failing to maintain the code altogether, failing to document the code at all, and failing to maintain the software and fix its bugs.

32. Defendant, in his role as Chief Technology Officer, to which he was promoted, was required to maintain all key technical assets of EBET. One such material asset was the "ESPORTS" related platform, which included odds modeling software related to eSports games. Defendant failed to maintain the platform, did not fix bugs as reasonably required, did not update the code, and did not document the code. Defendant failed to do so despite the fact that the Board of Directors of EBET expressly required Defendant to do so because otherwise, those assets would not otherwise be marketable.

33. Defendant was given, and was required to maintain, a thumb drive containing

critical confidential information belonging to EBET, including but not limited to trade secrets, domains, patents, and an administrative set of codes and coordinates. This information was vital to maintaining the business and for maintaining key relationships with various third parties.

34. Defendant failed to maintain the thumb drive. In fact, when EBET asked Defendant for the thumb drive, Defendant informed EBET that he intentionally destroyed it, without being authorized to do so, and thus failed to timely deliver the drive and its contents to EBET.

35. Upon information and belief, EBET alleges that in reality, Defendant misappropriated the contents of the thumb drive and/or destroyed it.

36. EBET is informed and believes that in violation of the Agreement, Defendant accessed, copied and misappropriated EBET's confidential and trade secret information, failed to return all of EBET property and information, and divulged to third parties and/or made use of confidential information and/or trade secrets without obtaining prior written consent of EBET.

37. As a result, Defendant materially breached his obligations under the Agreement by improperly failing to devote reasonable business and professional time and energy to the Company,[2] failing to faithfully perform his duties, failing to act in an efficient, trustworthy and business-like manner, failing to abide by directions from the Board, failing to, upon EBET's request, promptly deliver to EBET all documents, records, files, and other confidential information that was or should have been in the possession, custody and control of Defendant and by improperly and without authorization accessing, using and/or disclosing EBET's confidential, proprietary information and/or trade secrets, failing to return EBET's records and documents when requested to do so, and failing to return them at the time of termination.

38. As a direct and proximate cause of Defendant's breaches of the Agreement, EBET has been damaged and continues to be damaged in an amount to be determined at trial of this case, but which is in excess of $75,000.

39. In light of Defendant's material breaches, EBET has suffered irreparable harm for which there is no adequate remedy at law. Accordingly, in addition to damages, EBET is entitled

---

[2] The "Company" shall have the same meaning as defined within the operative "Employment Agreement," specifically referring to EBET and its predecessor in interest.

7

to specific performance, including without limitation, an injunction precluding the continued use of EBET's proprietary and confidential information that remains in Defendant's possession, custody or control, without EBET's consent.

## SECOND CAUSE OF ACTION

### (By EBET for Violation of NRS 205.4765 Against Defendant)

40. EBET restates and incorporates by reference those allegations set forth in paragraph 1 through 39 above, as though fully set forth in this cause of action.

41. EBET is the owner and/or lessee of computers, thumb drives, and computer networks, which EBET uses for conducting its company business. EBET is the also the owner of data that comprises confidential information as alleged above.

42. EBET provided Defendant with access to its data on its computers, thumb drives, and computer networks, to be used only for the purposes of his employment with EBET and subject to strict compliance with EBET's agreements and policies.

43. EBET is informed and believes, and on that basis alleges, that Defendant has violated NRS 205.4765(1) by knowingly, willfully, and without authorization damaging, destroying, disclosing, using, transferring, concealing, retaining possession of, and/or permitting access to or causing to be accessed data or supporting documents which exist inside or outside a computer, system or network, including confidential information on EBET's thumb drive, as described above.

44. EBET is informed and believes, and on that basis alleges that Defendant has violated NRS 205.4765(2) by knowingly, willfully and without authorization destroying, taking, damaging, transferring, concealing, retaining possession of, and/or obtaining or attempting to obtain access to, permitting access to, or causing to be accessed, equipment or supplies that are used or intended to be used in a computer, system or network, including EBET's thumb drive with confidential information described above.

45. EBET is informed and believes, and on that basis alleges that Defendant has violated NRS 205.4765(3) by knowingly, willfully and without authorization destroying, damaging, taking, transferring, disclosing, concealing, using, retaining possession of and/or

obtaining or attempting to obtain access to, permit access to or cause to be accessed, EBET's computer, system or network.

46. EBET is informed and believes, and on that basis alleges that Defendant's conduct rises to the level of a felony under NRS 205.4765(6)(b) by causing damage in excess of $500.

47. NRS 205.511 provides a private right for any victim of a crime described in NRS 205.4765 to bring a civil action for any loss or injury suffered as a result of the crime, as well as punitive damages and costs and attorneys' fees incurred in bringing the civil action.

48. EBET has suffered damages in an amount subject to proof at trial.

49. Defendant's unlawful conduct was a substantial factor in causing EBET harm.

50. EBET is informed and believes and based thereon alleges that Defendant in doing the things herein alleged, acted oppressively, fraudulently and maliciously, with willful and deliberate intent to injure EBET in its business.  EBET is therefore entitled to recover punitive damages from Defendant in an amount to be determined at the time of trial.

51. EBET has also suffered irreparable injury from these acts, and due to the continuing threat of such injury, has no adequate remedy at law, entitling EBET to injunctive relief.

52. As stated above, pursuant to NRS 205.511(c), EBET is entitled to recovery from Defendant its reasonable attorney's fees.

## THIRD CAUSE OF ACTION

**(By EBET for Conversion Against Defendant)**

53. EBET restates and incorporates by reference those allegations set forth in paragraphs 1 through 52 above, as though fully set forth in this cause of action.

54. EBET owned, possessed and had a right to possess the confidential information, documents, and thumb drive that Defendant used and/or destroyed – information in which EBET had well defined property interests.

55. Defendant substantially interfered with EBET's property by knowingly and intentionally taking possession of the confidential information, data and documents, and refusing to return the confidential information, data and documents to EBET and/or destroying said confidential information, data and documents.

56. EBET did not consent to Defendant's actions.

57. As a result of Defendant's unlawful actions, EBET has suffered significant harm, in an amount to be proven at trial, but not less than $75,000.

58. EBET is informed and believes and based thereon alleges that Defendant in doing the things herein alleged, acted oppressively, fraudulently and maliciously, with willful and deliberate intent to injure EBET in its business. EBET is therefore entitled to recover punitive damages from Defendant in an amount to be determined at the time of trial.

59. Defendant's unlawful conduct was a substantial factor in causing EBET's harm.

## FOURTH CAUSE OF ACTION

### (By EBET for Misappropriation of Trade Secrets Against Defendant)

60. EBET restates and incorporates by reference those allegations set forth in paragraphs 1 through 59 above, as though fully set forth in this cause of action.

61. EBET holds all rights, title and interests to its trade secret information, including, but not limited to, the information that was maintained on the thumb drive discussed above.

62. Such information constitutes protectable "trade secret" under Section 600A.030 of the Nevada Trade Secrets Uniform Act. *See* NRS 600A.030(5).

63. EBET developed the trade secrets by investing significant time, money, and resources.

64. EBET is in a highly competitive industry and thus, the trade secrets derive actual and potential independent economic value from not being generally known to the public or other persons who can obtain economic value from their disclosure or use and afford EBET a competitive advantage in the industry.

65. The trade secrets are not readily accessible or easily compiled and reproduced by competitors or the public.

66. EBET has taken reasonable efforts under the circumstances to protect and maintain the secrecy and confidentiality of its trade secrets.

. . .

. . .

67. The circumstances of Defendant's employment with EBET gave rise to obligations to maintain the secrecy of the trade secrets and to strictly limit Defendant's use thereof to EBET's business activities and for EBET's exclusive benefit.

68. Upon information and belief, Defendant possessed, used, and otherwise misappropriated EBET's trade secrets, by acquiring them by improper means, under the guise of destroying the thumb drive containing them, in violation of NRS 600A.030(2)(a).

69. Upon information and belief, Defendant has committed such acts for his own business advantage and with the intent to injure EBET.

70. As a direct and proximate result of Defendant's action and/or continued misappropriation of EBET's trade secrets, EBET has sustained, and unless Defendant is restrained and enjoined, will continue to sustain, severe, immediate and irreparable harm and actual loss to its business, the value of its trade secrets, competitive advantage, business reputation, and goodwill, which entitles EBET to injunctive relief under Section 600A.040 and damages under Section 600A.050 of the Nevada Revised Statutes.

71. As a further direct and proximate result of Defendant's actual, threatened and/or continued misappropriation of the trade secrets, Defendant has been unjustly enriched and, unless restrained and enjoined, will continue to be unjustly enriched by deriving economic benefit therefrom at the expense of EBET, which entitled EBET to injunctive relief under Section 600A.040 and damages under Section 600A.050 of the Nevada Revised Statutes.

72. The aforementioned conduct of Defendant was willful, wanton and/or reckless and/or was willful, wanton and/or reckless disregard of EBET's rights. Accordingly, EBET is entitled to an award of exemplary damages under Section 600A.050(2) of the Nevada Revised Statutes, and reasonable attorneys' fees under Section 600A.060(3) of the Nevada Revised Statutes.

**PRAYER FOR RELIEF**

WHEREFORE, EBET prays for judgment against Defendant as follows:

1. A preliminary and permanent injunction and compelling Defendant to:

    a. Comply with Defendant's contractual obligations to EBET as identified in the

1. Agreement.
2. A preliminary and permanent injunction and compelling Defendant and persons in active concert or participation with him to:
    a. Immediately return to EBET all confidential and/or trade secret information or other property belonging to EBET in both hard copy and electronic form.
    b. Make available for inspection and imaging any computers, personal data devices, thumb drives, mobile phones, email accounts, online storage, or electronic storage device owned by, assigned to, or otherwise in the possession of Defendant at any time from October 15, 2020 to the present.
    c. Identify to EBET any and all third parties to whom Defendant, or anyone acting on his behalf, or in conjunction with him, have used confidential information of EBET.
    d. Refrain from any use or disclosure of EBET's confidential and/or trade secret information.
3. A preliminary and permanent injunction compelling Defendant, his agents, and all those persons in active concert or participation with him to refrain from the use or disclosure of EBET's confidential information.
4. For compensatory, consequential, incidental and/or special damages in an amount according to proof at trial.
5. For exemplary and/or punitive damages in an amount to be proven at trial, sufficient to deter Defendant from further engaging in improper conduct.
6. Compensation for unjust enrichment.
7. That EBET be awarded its costs and attorneys' fees incurred in bringing this action.
8. For specific performance.
9. That the Court grant such further relief as it deems just and proper.

. . .
. . .
. . .

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues raised in this Complaint.

## COMPLIANCE WITH LR IA 11-2 WITHIN 14 DAYS

Plaintiff's counsel, Messers. Novian, Kandel, and Gura, will comply with LR IA 11-2 within 14 days of the filing of this Complaint.

DATED: September 15, 2022                         Respectfully submitted,

NOVIAN & NOVIAN, LLP                              SHUMWAY VAN

By: /s/ Farhad Novian                             By: /s/ Garrett R. Chase
    FARHAD NOVIAN                                     MICHAEL C. VAN, ESQ. #3876
    ALEXANDER KANDEL                                  GARRETT R. CHASE, ESQ. #14498
    ALEXANDER B. GURA                                 8985 S. Eastern Ave., Suite 100
    1801 Century Park East, Suite 1201                Las Vegas, Nevada 89123
    Los Angeles, CA  90067                            *Local Counsel for Plaintiff*
    *Attorneys for Plaintiff*